**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Jacobs,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Department of Economic Security,<br><br>        Defendant. | No. CV-20-01713-PHX-SMB<br><br>**ORDER** |

        Pending before the Court is Plaintiff Erika Jacobs' First Amended Complaint ("FAC"). (Doc. 10.) Plaintiff filed her original complaint pro se on September 1, 2020 against the Arizona Department of Economic Security ("ADES"). (Doc. 1.) On September 3, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 4.) On September 17, 2020, after screening Plaintiff's original complaint as required by 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the complaint for failure to state a claim. (Doc. 5.) That same order granted Plaintiff leave to file an amended complaint within thirty days. (*Id*.) Plaintiff filed her FAC with the Court on October 19, 2020.[1] (Doc. 10.) Because Plaintiff has still failed to state a claim with regard to any of her causes of action, the Court again dismisses the Plaintiff's complaint with leave to amend.

---

[1] The Court takes notice that the final day of the period granted for amending the complaint fell upon a weekend, making the Plaintiff's filing timely. Fed. R. Civ. P.6(a)(1) ("when a period is stated in days…exclude the day of the event that triggers the period; count every day…; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## I. Legal Standard

When a party proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen lawsuits and dismiss them *sue sponte* if it determines "the action or appeal…fails to state a claim on which relief may be granted..." *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). To adequately state a claim, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a)(3). While detailed factual allegations are not required, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint should contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. Statutory Screening

Plaintiff's FAC realleges the same four causes of action found in her original complaint. Namely that her proceedings before ADES violated her rights under the Sixth and Seventh Amendments of the United States Constitution and that ADES violated 28 U.S.C. § 4101 and 18 U.S.C. § 1623. In addition, Plaintiff's FAC brings a new claim under the Federal Tort Claims Act ("FTCA") (codified at 28 U.S.C. §§ 2671-80).

### A. Previously Asserted Claims

Regarding the four claims from Plaintiff's original complaint, that ADES violated Plaintiff's rights under the Sixth and Seventh Amendment of the United States Constitution and violated 28 U.S.C. § 4101 and 18 U.S.C. § 1623, Plaintiff has failed to allege any new or different facts other than those that already appeared in her original deficient complaint. (Doc. 10. at 7-9; Doc. 1-1. at 1-4.) As such, the Court will simply direct Plaintiff to its previous order dismissing her original complaint. (Doc. 5.) There the Court explained in

detail the flaws in Plaintiff's allegations. (*Id*.) Plaintiff failed to state a Sixth Amendment claim because she was not subjected to a criminal prosecution. (*Id*.) Plaintiff failed to state a Seventh Amendment claim because she has no constitutional right to a jury during a state court civil proceeding nor before an administrative agency. (*Id*.) Plaintiff failed to state a claim under 18 U.S.C. § 1623 because that criminal statute does not give private citizens a right to sue and enforce it. (*Id*.) Finally, Plaintiff failed to state a claim for defamation because 28 U.S.C. § 4101 does not create a federal cause of action for defamation, and regardless, she failed to allege that ADES made an unprivileged publication of the defamatory statement to a third party. (*Id*.) Because Plaintiff has not alleged any new or different factual allegations regarding these claims, the Court again finds that she has failed to state a claim upon which relief can be granted.

### B. Plaintiff's FTCA Claim

The only major substantive change in Plaintiff's FAC is the assertion of a new claim under the FTCA. The FTCA imposes liability on the United States government for acts *by its employees* that constitute torts in the state where the conduct occurred. *Ting v. United States*, 927 F.2d 1504, 1513 (1991) (emphasis added). The FTCA only creates a cause of action when the wrong alleged was committed by an employee of the federal government acting within the scope of their employment. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) ("The FTCA defines the term 'employee of the government' to include 'persons acting *on behalf of a federal agency in an official capacity*, temporarily or permanently in the service of the United States, whether with or without compensation.'"). Notably, the FTCA explicitly states that it "shall not apply to…any claim arising out of …malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights…"[2] 28 U.S.C. § 2680. This exception applies not just to

---

[2] The statute does potentially allow such actions "with regard to acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). However, the same section defines "investigative or law enforcement officer to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." (*Id*.) *See also*, *Gray v. Bell*, 542 F. Supp. 927 (D.D.C. 1982), aff'd, 712 F.2d 490 (D.C. Cir. 1983) (holding the

- 3 -

the enumerated causes of action, but also to any claim "arising out" of libel or slander. 28 U.S.C. § 2680(h); *see also Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976) ("a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized."); *Johnson v. Sawyer*, 47 F.3d 716, 732 n.34 (5th Cir. 1995); *Metz. v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986) ("a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." (citing *Block v. Neal*, 460 U.S. 289, 297 (1983)).

Here Plaintiff has failed to state a claim under the FTCA. In short, she has not alleged any harm or tort committed by a federal employee. Plaintiff wishes to recover for "misconduct and malicious prosecution…by employees of the Arizona Department of Economic Security." ADES is a state agency and its employees work for the State of Arizona. They are not employees of the federal government. Even were this not the case Plaintiff still fails to state a claim because both malicious prosecution and defamation are explicitly excluded from the FTCA. Plaintiff does, in a single sentence, state that "[ADES]…w[as] negligent and caused personal injury to the Plaintiff [sic] reputation." However multiple circuits have held that the exception in 28 U.S.C. § 2680(h) bars not only the enumerated causes of action but also any claim where "governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz*, 788 F.2d at 1534 (citing *Neal*, 460 U.S. at 297). Here, the Plaintiff is simply using the terms of "negligence" and "personal injury" to reallege the same reputational harm brought in her defamation claim. Because "malicious prosecution…libel, [and] slander" are all causes of action excepted from the FTCA, Plaintiff would not have stated a claim even if she were suing a federal employee.

---

FTCA did not apply to acts or omission of federal prosecutors since federal prosecutors are not empowered by law "to execute searches, to seize evidence, or to make arrests for violations of federal law.")

- 4 -

### III. Leave to Amend

The well-settled law in this circuit, counsels the Court to allow amendment as long as "it is not 'absolutely clear' that [Plaintiff] could not cure [the complaint's] deficiencies by amendment." *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *Lopez*, 203 F.3d at 1131 (*en banc*) (holding a pro se litigant must be given leave to amend "if it appears at all possible the plaintiff can correct the complaint's defects); Fed. R. Civ. P. 15(a)(2). The Court finds even under this permissive standard that some of the Plaintiff's claims are uncurable. The Plaintiff was not subjected to any criminal prosecution. As such, there are no set of facts in this dispute which can support a Sixth Amendment claim. The Plaintiff's hearing with ADES occurred in the context of a state administrative agency proceeding. As such, there are no set of facts under which she can assert a Seventh Amendment claim. The Plaintiff bases her FTCA claim on the conduct of Arizona state employees, not federal employees. As such, there is no set of facts under which she can recover for her FTCA claim. Finally, the Plaintiff asserts a claim under 18 U.S.C. § 1623, but the Supreme Court has previously held that private citizens cannot bring claims under that criminal statute. *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). As such, there is no set of facts under which she can bring a claim under that statute. For these reasons, Plaintiff's Sixth and Seventh Amendment claims, her FTCA claim, and her claim under 18 U.S.C. § 1623 are dismissed with prejudice. **Because these claims are dismissed with prejudice Plaintiff is advised that any subsequent amended complaint must not include these claims.**

With regard to Plaintiff's defamation claim and other possible causes of action, it is not "'absolutely clear' that [Plaintiff] could not cure [the complaint's] deficiencies by amendment." *Jackson*, 749 F.3d at 767. It appears at least "possible the [P]laintiff can correct the complaint's deficiencies," *Lopez*, 203 F.3d at 1131, or bring some other previously unasserted causes of action. Plaintiff's complaint must be amended to address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different complaints

demonstrating the proper form can be found in the appendix of forms contained with the Federal Rules of Civil Procedure (forms 11–21). Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

### IV. Warning

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). In reiteration of the Court's ruling above, **Plaintiff is explicitly warned that if she chooses to submit a Second Amended Complaint, it must not include any of her claims which the Court has dismissed with prejudice.**

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's claims under the Sixth and Seventh Amendment of the United States Constitution, under 18 U.S.C. § 1623, and under the Federal Tort Claims Act are **dismissed with prejudice;**

**IT IS FURTHER ORDERED** that Plaintiff's remaining claim for defamation is dismissed with leave to file an amended complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss

1 | this action without further order of this Court; and

2 | **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 1st day of December, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge